EULALIE ANTU v. THE STATE.

No. 1727. Decided April 24, 1912.

1.—Murder—Charge of Court—Self-Defense.

Where, upon trial of murder, the court charged the jury on the law of self-defense, that the defendant was justified in using all necessary and rea-

sonable force to defend himself, but no more than the circumstances reasonably indicated to be necessary, the same was reversible error; the evidence showing that the deceased was the aggressor.

**2.—Same—Impeaching Testimony.**

Where, upon trial of murder, the evidence showed a case of self-defense and that the conviction rested upon impeaching testimony of the State's witnesses, the conviction can not be sustained.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*T. C. Turnley* and *O. S. York* and *J. T. Wheeler,* for appellant.— On the question of the insufficiency of the evidence: Kendall v. State, 8 Texas Crim. App., 569; Hunnicutt v. State, 20 id., 632; Huddleston v. State, 54 Texas Crim. Rep., 93.

On question of the court's charge on self-defense: Williams v. State, 15 Texas Crim. App., 617; Childers v. State, 33 Texas Crim. Rep., 509, and cases supra.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of manslaughter. Without going into a detailed statement of the evidence, it may be sufficient to state, so far as the questions to be reviewed are concerned, that this homicide was a sudden quarrel which came up between the parties in which deceased was the aggressor from the beginning of the difficulty until its termination. The tragedy occurred in the end because the deceased made an attack upon appellant with a knife. This seems to be unquestioned. It was when this attack was made on him that he fired the shot that resulted fatally.

1. Charging on self-defense the court gave the following: "Every person is permitted by law to defend himself against any unlawful attack, reasonably threatening injury to his person, and is justified in using all necessary and reasonable force to defend himself, but no more than the circumstances reasonably indicate to be necessary." This charge is criticised, and properly presented for revision. This court has, under similar cases, held this charge to be an undue limitation on the right of self-defense.

2. It may be seriously contended, and the writer believes justifiably so, that the evidence is not sufficient to sustain the conviction. The evidence makes a case of self-defense with the deceased as the attacking party. There had been two attacks made on appellant by the deceased. The second one was with a knife. Appellant shot in defense of himself against the last attack. He seems not to have resisted the first attack. The State witnesses testify to a case of self-defense, and

the county attorney, to get away from the effect of this testimony, introduced some statements made by some of the witnesses before the justice of the peace in the examining trial or inquest; at least, when the matter was being investigated by the justice of the peace, which statements were somewhat in conflict with the testimony from some of the witnesses on the final trial. Without going into the question as to whether or not this was permissible, it is sufficient to say the State can not make a case against the defendant by impeaching its own witnesses. A case can not be made out by impeaching testimony. If the State witnesses testified to impeaching facts to the State or failed to testify to sufficient facts, under some circumstances it may be permissible to impeach. Those questions are not here discussed, but in no event can the State's case be made out by this manner of impeachment. Such testimony when used at all or permissible, is only to break the force of the damaging facts of the State witnesses delivered before the jury, but it can not make out a case. Impeaching testimony does not prove a case nor justify a conviction. The office of impeaching testimony is to break the effect only of damaging evidence.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*